UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARIE LAURETTE DUSSAULT

                              NO. 06-CV-13085 (TPG)

            Plaintiff,

-against-                              OPINION

THE REPUBLIC OF ARGENTINA

            Defendant.

---

      USDC SDNY
      DOCUMENT
      ELECTRONICALLY FILED
      DOC #: _____
      DATE FILED: 5/25/12

Plaintiff is a beneficial owner of certain bond indebtedness issued by Defendant, the Republic of Argentina (the "Republic" or "Argentina"), on which the Republic defaulted in December 2001. Plaintiff is suing to recover amounts due as a result of the default and has moved for summary judgment. The Republic has no objection to the entry of summary judgment.

The motion is granted.

## FACTS

The bond indebtedness at issue is governed by an English Law Trust Deed dated July 27, 1993 (the "Trust Deed"), as amended and restated from time to time. In the Trust Deed, Argentina expressly agreed: (i) to submit to the jurisdiction of this Court; and (ii) to waive any claim of sovereign immunity to the fullest extent of the law. Trust Deed §§ 17.2, 17.4.

Argentina further expressly agreed that certain events, including a failure to pay interest when due, or a declaration by Argentina of a moratorium on the payment of principal or interest, would constitute default. *See* id. (Terms and Conditions of the Notes) ¶¶10(a), (d).On December 24, 2001, Argentina declared a moratorium on payments of principal and interest on the external debt of the Republic. The Court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804,2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14,2003); *Applestein v. Province o/Buenos Aires*, No. 02 Civ. 1773,2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

Since declaring the moratorium, Argentina has defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the bonds here at issue.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by Plaintiff, are listed in the following tables[1]:

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully *in Million Air Corp. v. Republic of Argentina*, No. 04-1048,2005 WL 2656126 (S.D.N.Y. Oct. 17,2005).

# TABLE 1

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner | MARIE LAURETTE DUSSAULT |
| Face Value | 645,000 Euros |
| ISIN NO. | XS0105694789 |
| Date of Issuance | January 7, 2000 |
| Date of Maturity | January 7, 2005 |
| Interest Rate/Payable | 10% |
| Date of Purchase | November 30, 2001 |
| Acceleration | Not required |
| Contract Document | English Law Trust Deed, July 27, 1993 |
| Evidence of Ownership Proffered | Letter of Unicredit Bank dated January 26, 2012, along with a Unicredit bank statement dated December 31, 2011. |

# TABLE 2

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner | MARIE LAURETTE DUSSAULT |
| Face Value | 1,680,000 Euros |
| ISIN NO. | XS0124528703 |
| Date of Issuance | February 22, 2001 |
| Date of Maturity | February 22, 2007 |
| Interest Rate/Payable | 10% |
| Date of Purchase | November 28, 2001 |
| Acceleration | Not required |
| Contract Document | English Law Trust Deed, July 27, 1993 |
| Evidence of Ownership Proffered | Letter of Unicredit Bank dated January 26, 2012, along with a Unicredit bank statement dated December 31, 2011. |

## **TABLE 3**

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner | MARIE LAURETTE DUSSAULT |
| Face Value | ITL 1,045,000,000 (equal to € 539,697.45) |
| ISIN NO. | XS0070531420 |
| Date of Issuance | November 5, 1996 |
| Date of Maturity | November 5, 2003 |
| Interest Rate/Payable | 11% |
| Date of Purchase | November 16, 2001 |
| Acceleration | Not required |
| Contract Document | English Law Trust Deed, July 27, 1993 |
| Evidence of Ownership Proffered | Letter of Unicredit Bank dated January 26, 2012, along with a Unicredit bank statement dated December 31, 2011. |

## DISCUSSION

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted debt. In *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005) and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as the plaintiff here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the Court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cilli v. Republic of Argentina*, No. 04-6594.

Here, Plaintiff has adequately demonstrated through account statements that she owned her beneficial interests as of January 26, 2012. There is no evidence of any change of ownership thereafter.

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the Trust Deed, dated July 27, 1993, plus accrued interest.

Settle judgment.

**SO ORDERED.**

Dated: New York, New York

May 25, 2012

_____
THOMAS P. GRIESA, U.S.D.J.