UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIE LAURETTE DUSSAULT,

                            Plaintiff,          Case No. 06-CV-13085-TPG

   -against-

THE REPUBLIC OF ARGENTINA,

                            Defendant.
-------------------------------------------------------------x

**MEMORANDUM OF LAW OF PLAINTIFF MARIE LAURETTE DUSSAULT IN SUPPORT OF HER MOTION PURSUANT TO RULE 69(a) (1) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SECTION 5225(b) OF THE NEW YORK CIVIL PRACTICE LAW AND RULES <u>FOR AN ORDER AGAINST BANK OF NEW YORK MELLON</u>**

                                              HERZFELD & RUBIN, P.C.
                                              Robert L. Lash
                                              Lydia Ferrarese
                                              125 Broad Street
                                              New York, New York 10004
                                              (212) 471-8500

                                              *Attorneys for Plaintiff*
                                              *Marie Laurette Dussault*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

SUMMARY OF THE FACTS.................................................................................................. 2

PROCEDURAL HISTORY...................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

       I.    Legal Standard- Rule 69(a) and CPLR § 5225 ............................................... 4

      II.   The Court has Jurisdiction over BNY ............................................................. 4

      III.  The Plaintiff is Entitled to the Payment........................................................ 5

CONCLUSION......................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Cardew v. Gialanella*, 92 A.D.3d 1002 (3d Dep't 2012) ............................................................... 5

*De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288 (E.D.N.Y. 2013) .............................. 4

*Gryphon Dom. VI, LLC v APP Intl. Fin. Co.*, *B.V.*, 41 A.D. 3d 25 (1st Dep't 2007) ..................... 5

*Koehler v. Bank of Bermuda Lts. (Koehler III)*, 577 F.3d 497 (2d Cir. 2009) ............................... 4

*Landoil Res. Corp. v. Alexander & Alexander Servs.,* 77 N.Y.2d 28 (1990) ................................. 5

*Miller v Doniger*, 28 A.D. 3d 405 (1st Dep't 2006) ....................................................................... 5

*Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp. 2d 120 (E.D.N.Y 2010) .................... 4

*Morgenthau v. Avion Resources Ltd.*, 49 A.D.3d 50 (1st Dep't 2007) ........................................... 6

*NML Capital Ltd v. Republic of Argentina*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09
    Civ. 1708, 2012 U.S. Dist. LEXIS 167272 (S.D.N.Y. Nov. 21, 2012) ............................. 1

*NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012) .................................... 3

*Shaheen Sports, Inc. v. Tajmahal Sports Co.*, 2012 U.S. Dist. LEXIS 36720 (Mar. 18,
    2012) ................................................................................................................................ 4

*Starbare II Partners, L.P. v Sloan*, 216 A.D. 2d 238 (1st Dep't 1995) .......................................... 6

*TCF Equip. Fin., Inc. v. Public Tr. for the City & County of Denver, 297 P.3d 1048,
    2013 Colo. App. LEXIS 52, 2013 COA 8 (2013)* ............................................................ 5

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d. Cir. 2000) ................................................ 5

**Statutes**

Fed. R. Civ. P., Rule 4(k) ................................................................................................................ 5

Fed. R. Civ. P., Rule 69 ............................................................................................................. 1, 4

N.Y. CPLR § 5225 ................................................................................................................. 1, 4, 5

N.Y. CPLR §105(i) ............................................................................................................... 6

N.Y. CPLR 301 ................................................................................................................... 5

N.Y. CPLR Article 52 .......................................................................................................... 5

Plaintiff Marie Laurette Dussault ("Dussault") respectfully submits this memorandum of law in support of her motion pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure and Section 5225(b) of the New York Civil Practices Law and Rules for an order to be issued against Bank of New York Mellon ("BNY"), the trustee for Defendant Republic of Argentina ("the Republic"), to pay Plaintiff or deliver to Plaintiff funds deposited by the Republic with BNY in the amount to satisfy Plaintiff's judgment and post-judgment interest.

## PRELIMINARY STATEMENT

Plaintiff Dussault is one of many "holdout" bondholders, who invested in Argentinian bonds and then faced enormous loss when the Republic decided to default and demand that bondholders accept pennies on the dollar in the form of Exchange Bonds.[1]  Plaintiff declined the Republic's offer, and obtained a judgment from this court in the amount justly due and owing on her bonds.[2]  The efforts that the Republic has undertaken to deny any compensation to bondholders such as Plaintiff are well-known to this court.  That extraordinary behavior led the court to issue an injunction in *NML Capital Ltd v. Republic of Argentina*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708, 2012 U.S. Dist. LEXIS 167272 (S.D.N.Y. Nov. 21, 2012) (the "NML Action") requiring the Republic, and those acting on its behalf, to pay NML Capital Ltd. on its bonds whenever it makes payment to the Exchange Bondholders.  On June 17, 2014, Plaintiff filed a motion for similar injunctive relief as had been granted in the NML Action, which is still pending.  On June 26, 2014, the Republic violated this Court's Order by proceeding

---

[1] Unless otherwise specified, capitalized terms are used herein as defined in the Court Orders dated December 7, 2011 and November 21, 2012 issued in the matters *NML Capital Ltd. v. Republic of Argentina* Nos.: 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG).

[2] The Republic has labeled some of the so-called holdout bondholders as "vultures", specifically referring to various hedge funds and others who bought up the distressed bonds from original holders following the Republic's default. The Plaintiff here is not one of those funds, but rather is an individual who invested significantly from her life-savings, prior to the default, and only wishes the Republic, having received her money in the purchase of the bonds, to honor its obligations, particularly now that the Republic is in a significantly stronger financial position than it was at the time of default.

with the transfer of approximately $539 million to BNY and requesting that BNY pay the Exchange Bondholders, without making any payment to the other creditors. Being subject to this Court's Order, BNY did not comply with the Republic's request and is currently holding the sum. Plaintiff is a creditor of the Republic and should be paid an amount equal to Plaintiff's judgment and post-judgment interest with the funds BNY holds on behalf of the Republic.

## SUMMARY OF THE FACTS

Plaintiff Dussault is a holder of several Argentinian bonds, upon which the Republic has defaulted. On May 25, 2012, this Court issued a judgment in favor of the Plaintiff in the amount of €5,908,223.32 (approximately $8,018,721.05). *See* Exhibit A to the Declaration of Robert L. Lash dated August 14, 2014 ("Lash Decl."). Plaintiff is entitled to recover such amount, plus interest, in its entirety. As the court is well aware, the Republic has refused to satisfy its payment obligations and has gone to extraordinary lengths to frustrate any attempts of recovery.

On June 26, 2014, the Republic transferred approximately $539 million to BNY, requesting BNY to carry out payments to the Exchange Bondholders, in direct violation of this Court's orders which mandated the Republic to effectuate a payment to the "hold-out creditors" whenever a payment is made to the Exchange Bondholders by making a "Ratable Payment" (defined as a fraction obtained by dividing the amount actually paid- or which the Republic intended to pay- under the terms of the Exchange Bonds by the total amount due under the terms of such Exchange Bonds). *See* Court Order dated August 8, 2014 attached as Exhibit B to the Lash Decl.

Because of the Republic's demonstrated ability to ignore this Court's money judgment obtained by Plaintiff, and its outright refusal to pay Plaintiff what she is owed by, *inter alia*, issuing laws prohibiting the Republic from making any payment to the Plaintiff, and refusing to

negotiate any potential settlement of the matter, Plaintiff now seeks relief from this Court and requests that payment be made by BNY to the Plaintiff with the funds BNY is holding on behalf of the Republic.

## PROCEDURAL HISTORY

On May 25, 2012, this Court issued a judgment in favor of the Plaintiff in the amount of €5,908,223.32 (approximately $8,018,721.05).  Plaintiff has unsuccessfully attempted to enforce her judgment against the Republic.  As the Court is aware, the Republic has similarly refused to pay its other bondholders who declined to accept the Exchange Bonds.  On November 21, 2012, this Court in the NML Action issued an Order permanently enjoining the Republic, among other things, to: (i) concurrently or in advance make a payment to NML Capital Ltd. whenever the Republic paid any amount due under the Exchange Bonds, and (ii) calculate such payment in an amount equal to the "Payment Percentage" multiplied by the total amount currently due to NML Capital Ltd in respect of the bonds at issue in those cases (the "Amended February 23, 2012 Order").  A copy of the Amended February 23, 2012 Order is attached hereto as Exhibit C to the Lash Decl.  The Second Circuit affirmed this Court's decision granting the Amended February 23, 2012 Order.  *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012).  On June 16, 2014, the Supreme Court denied the Republic's request to grant *certiorari*.

On July 16, 2014 Plaintiff attempted to initiate settlement negotiations with the Republic.  A copy of the July 16, 2014 letter to the Republic's counsel is attached as Exhibit D to the Lash Decl.  No response was ever received by the Plaintiff.

On August 6, 2014, this Court ordered BNY to maintain the funds held on behalf of the Republic.  A copy of that Order is attached as Exhibit B to the Lash Decl.

Plaintiff now submits this motion and supporting Memorandum of Law.

**ARGUMENT**

I. **Legal Standard - Rule 69(a) and CPLR § 5225 (b)**

Rule 69 of the Federal Rules of Civil Procedure provides that judgments are enforced by writs of execution. Fed. R. Civ. P. 69(a)(1). Such proceedings must "accord with the procedure of the state where the court is located . . . ." *Id.* Where a judgment creditor seeks to enforce a judgment against a non-party transferee the relevant state procedure is that found in CPLR § 5225, which applies to property not in the possession of the judgment debtor. CPLR § 5225(b). New York courts have found that "while the CPLR provides for the commencement of a special proceeding to enforce a judgment against an allegedly liable non-party transferee, a motion made under Rule 69 is a permissive vehicle for a federal proceeding applying Section 5225." *See, e.g., De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288, 293 (E.D.N.Y. 2013), citing *Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp. 2d 120, 123-24 (E.D.N.Y 2010).

Plaintiff successfully obtained a judgment establishing her rights against the Republic and ordering the Republic to make a payment to the Plaintiff, and is entitled to enforce her judgment in this case. In order to enforce her judgment, Plaintiff may file a motion under Rule 69 as it is well established that a motion pursuant to Rule 69 may be used to obtain an order under CPLR 5225. In addition, it is indisputable that BNY holds property of the Republic.

II. **The Court has Jurisdiction over BNY**

"A New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee." *Shaheen Sports, Inc. v. Tajmahal Sports Co.*, 2012 U.S. Dist. LEXIS 36720 (S.D.N.Y. Mar. 18, 2012), quoting *Koehler v. Bank of Bermuda Lts. (Koehler III)*, 577 F.3d 497,

499 (2d Cir. 2009).  A federal court has personal jurisdiction over a defendant corporation where that corporation "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k).  New York CPLR 301 confers jurisdiction where a company "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its "presence" [in New York] is warranted."  *Landoil Res. Corp. v. Alexander & Alexander Servs.,* 77 N.Y.2d 28, 33 (1990).  The continuous course of "doing business" in New York "do[es] not necessarily need to be conducted by the foreign corporation itself."  *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d. Cir. 2000).

In this case, it is undisputable that the court has personal jurisdiction over BNY.  Indeed, BNY's principal place of business is in the State of New York (*see* Lash Decl., ¶ 7 and Ex. E) and BNY has appeared before this Court to find how to dispose of the funds deposited by the Republic.  The Court has ordered BNY to retain the funds in its accounts pending further order of the Court.  *See* Exhibit B to the Lash Decl.

### III.     Plaintiff is Entitled to the Payment

CPLR 5225(b) unequivocally dictates that where a person is in possession of money in which a judgment debtor has an interest," the court shall require such person to pay the money to the judgment creditor."  *Cardew v. Gialanella*, 92 A.D.3d 1002, 1003 (3d Dep't 2012).  *See also TCF Equip. Fin., Inc. v. Public Tr. for the City & County of Denver, 297 P.3d 1048, 2013 Colo. App. LEXIS 52, 2013 COA 8 (2013).*

In addition, it is of no relevance that the Republic paid the funds into BNY accounts at the Banco Central de la Republica de Argentina.  Courts have expressly held that judgment debtors can be ordered to turn over out-of-state assets under CPLR article 52.  *See Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 41 A.D. 3d 25 (1st Dep't 2007); see also *Miller v*

5

*Doniger*, 28 A.D. 3d 405 (1st Dep't 2006); *Starbare II Partners, L.P. v Sloan*, 216 A.D. 2d 238, (1st Dep't 1995). The First Department endorsed the position that "New York courts have the power to command a garnishee present in the state to bring out-of-state assets under the garnishee's control into the state." *Morgenthau v. Avion Resources Ltd.*, 49 A.D.3d 50, 54 (1st Dep't 2007).[3]

In this case, it is undisputed that BNY holds funds on behalf of the Republic, as represented by BNY's counsel to this Court while seeking guidance concerning what actions should be taken with such funds. Indeed, the Court in its August 8, 2013 Order required BNY to retain the funds and not make or allow any transfer unless ordered by the Court. Because Plaintiff is a judgment creditor, and BNY holds funds of the judgment debtor, this Court should order BNY to pay Plaintiff.

## CONCLUSION

For the reasons stated, Plaintiff Dussault respectfully requests that the Court issue an order in favor of Plaintiff ordering BNY to pay Plaintiff from the funds held on behalf of the Republic an amount equal to Plaintiff's judgment and post-judgment interest.

Dated: New York, New York  
August 18, 2014

Respectfully submitted,  
HERZFELD & RUBIN, P.C.

By: _____  
Robert L. Lash (RL0925)  
Lydia Ferrarese  
125 Broad Street  
New York, New York 10004  
(212) 471-8500  
rlash@herzfeld-rubin.com  
lferrarese@herzfeld-rubin.com  
*Attorneys for Plaintiff Marie Laurette Dussault*

---

[3] The definition of garnishee pursuant CPLR 105(i) is: a "garnishee" is a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest."