UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLEN APPLESTEIN, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> REPUBLIC OF ARGENTINA, <br><br> Defendant. | 02-cv-04124 (TPG) |
| APPLESTEIN, <br><br> Plaintiff, <br><br> -against- <br><br> ARGENTINA REPUBLIC, et al., <br><br> Defendants. | 02-cv-01773 (TPG) |

*(captions continue on following pages)*

**MEMORANDUM OF THE BANK OF NEW YORK MELLON IN
OPPOSITION TO PLAINTIFFS' MOTIONS FOR TURNOVER ORDERS**

**REED SMITH LLP**
Eric A. Schaffer
C. Neil Gray
Evan K. Farber
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

*Attorneys for Non-Party The Bank of New York Mellon, as Indenture Trustee*

| | |
|---|---|
| FRANCESCHI, et al.,<br><br>        Plaintiffs,<br><br>  -against-<br><br>REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 03-cv-04693 (TPG) |
| MAZINI, et al.,<br><br>        Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 03-cv-08120 (TPG) |
| MORATA, et al.,<br><br>        Plaintiff,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 04-CV-03314 (TPG) |
| MODES, et al.,<br><br>        Plaintiff,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>        Defendants. | 04-CV-03314 (TPG) |

*(captions continue on following page)*

| | |
|---|---|
| MARIA FAUSTA CHILLI, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 04-cv-06594 (TPG) |
| ROSA, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 04-cv-07504 (TPG) |
| CONSOLINI, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>       Defendants. | 05-cv-00177 (TPG) |
| FERRI, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 05-cv-02943 (TPG) |

*(captions continue on following page)*

| | |
|---|---|
| RIGUEIRO, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 05-cv-03089 (TPG) |
| BETTONI, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>       Defendants. | 05-cv-04299 (TPG) |
| FEDECOSTANTE, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 05-cv-04466 (TPG) |
| LISI, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 05-cv-06002 (TPG) |

*(captions continue on following page)*

| | |
|---|---|
| ROSSINI, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>    Defendants. | 05-cv-06200 (TPG) |
| KLEIN, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>    Defendant. | 05-cv-06599 (TPG) |
| LOVATI, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>    Defendant. | 05-cv-08195 (TPG) |
| BOTTI, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>    Defendants. | 05-cv-08687 (TPG) |

*(captions continue on following page)*

| | |
|---|---|
| PASQUALI, et al.,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 05-cv-10636 (TPG) |
| BEYER, et al.,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 05-cv-00098 (TPG) |
| BORGRA, et al.,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE REPUBLIC OF ARGENTINA, et al.,<br><br>        Defendants. | 05-cv-05807 (TPG) |
| MARIE LAURETTE DUSSAULT,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 06-cv-13085 (TPG) |

**Table of Contents**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ..................................................................................................................... 3

    I.    BNY Mellon Holds Funds Received From The Republic Subject To The Indenture And For The Exclusive Benefit Of The Trustee And The Exchange Holders ..................................................................................... 3

    II.    BNY Mellon Holds The Funds In Compliance With This Court's Injunctions ................................................................................................... 4

ARGUMENT .......................................................................................................................... 5

    I.    The Republic Has No Interest In The Funds ............................................ 6

    II.    The Trustee's Rights In And To The Funds Are Superior To Any Rights Of Plaintiffs ................................................................................... 8

CONCLUSION ...................................................................................................................... 10

## Table of Authorities

**Cases**

*AG Capital Funding Partners, L.P. v. St. Street Bank & Trust Co.*,
    11 N.Y.3d 146 (2008) ............................................................................................ 3

*Beauvais v. Allegiance Sec. Inc.*,
    942 F.2d 838 (2d Cir. 1991) ................................................................................... 6

*Elliott Assocs. v. J. Henry Schroder Bank & Trust Co.*,
    838 F.2d 66 (2d Cir. 1988) ..................................................................................... 3

*HBE Leasing Corp. v. Frank*,
    48 F.3d 623 (2d Cir. 1995) ..................................................................................... 6

*Louisville Joint Stock Land Bank v. Radford*,
    295 U.S. 555 (1935) ............................................................................................... 9

*Meckel v. Cont'l Res. Co.*,
    758 F.2d 811 (2d Cir. 1985) ................................................................................... 3

*Wright v. Union Cent. Life Ins. Co.*,
    311 U.S. 273 (1940) ............................................................................................... 9

**Statutes**

N.Y. C.P.L.R. § 5225(b) ................................................................................................ 6

**Rules**

Fed. R. Civ. P. 69(a)(1) ............................................................................................. 5, 6

Non-party The Bank of New York Mellon, as indenture trustee ("BNY Mellon" or the "Trustee"), by and through its attorneys, Reed Smith LLP, respectfully submits this Memorandum in Opposition to the Applestein Plaintiffs' Motion for Turnover Order (Case 1:02-cv-04124-TPG [Dkt. 130-132]) and the Dussault Plaintiff's Motion for Turnover Order (Case 1:06-cv-13085-TPG [Dkt. 61-63]) (collectively, "Plaintiffs" and "Plaintiffs' Motions").[1]

## PRELIMINARY STATEMENT

BNY Mellon is not a party to these litigations, in which Plaintiffs have obtained money judgments against the Republic of Argentina as a result of the Republic's failure to make payments on bonds owned by Plaintiffs. Rather, BNY Mellon serves as indenture trustee for different bonds (the "Exchange Bonds") issued by the Republic pursuant to a June 2, 2005 trust indenture (as supplemented on April 30, 2010, the "Indenture") and, in that limited role, receives payments from the Republic and distributes them pursuant to the terms of the Indenture.

BNY Mellon has complied with the Indenture, as well as the Court's Amended February 23, 2012 Orders (the "Injunctions") entered in cases brought against the Republic by a separate group of holders of the Republic's non-performing debt (the "NML Plaintiffs") for which BNY Mellon does not act as indenture trustee.[2] Indeed, when the Republic sent BNY Mellon an approximately $539 million interest payment due on the Exchange Bonds (the "Funds"), in violation of the Injunctions, the Court observed that "the Bank of New York acted very

---

[1] All references herein to "Ex." are to exhibits to the September 22, 2014 Declaration of Evan K. Farber, filed herewith.

[2] The Injunctions were entered in the following thirteen cases (the "NML Actions"): *NML Capital, Ltd. v. Republic of Argentina*, 08-cv-6978 (TPG), 09-cv-1707 (TPG), 09-cv-1708 (TPG); *Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*, 09-cv-8757 (TPG), 09-cv-10620 (TPG); *Aurelius Opportunities Fund II, LLC, et al. v. Republic of Argentina*, 10-cv-1602 (TPG), 10-cv-3507 (TPG); *Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*, 10-cv-3970 (TPG), 10-cv-8339 (TPG); *Blue Angel Capital I LLC v. Republic of Argentina*, 10-cv-4101 (TPG), 10-cv-4782 (TPG); *Pablo Alberto Varea v. Republic of Argentina*, 10-cv-5338 (TPG); and *Olifant Fund, Ltd. v. Republic of Argentina*, 10-cv-9587 (TPG).

responsibly and did not complete the payment. It held the money in regard for my order. That was a very responsible thing for them to do." *See* Ex. A (July 22, 2014 Tr. in the NML Actions) at 17:22-24.

Nonetheless, Plaintiffs—who are not parties to the Indenture and have no rights, claims, or interests under the Indenture or the Exchange Bonds issued pursuant thereto—seek to take advantage of BNY Mellon's compliance with the Injunctions and ask this Court to compel BNY Mellon to turn over the Funds to satisfy Plaintiffs' money judgments against the Republic. Plaintiffs' motions fail for two reasons.

*First*, because the Republic has no interest in the Funds, Plaintiffs cannot satisfy the threshold requirement for obtaining a turnover order. Under the explicit terms of the Indenture, the Republic retains no interest in the Funds once they are transferred to BNY Mellon. Rather, BNY Mellon holds the Funds exclusively for the benefit of the Trustee and the Exchange Holders. The Republic itself has repeatedly and publicly disclaimed any interest in the Funds.

*Second*, even assuming *arguendo* that Plaintiffs could show that the Republic has an interest in the Funds, any rights that Plaintiffs might have are subject and subordinate to the rights, claims, and interests of the Trustee, for itself and on behalf of holders of the Exchange Bonds (the "Exchange Holders"). Plaintiffs do not even attempt to demonstrate how their ostensible right to the Funds conceivably could outstrip the contractual rights of the Trustee under the Indenture.

In short, Plaintiffs' motions—which focus almost exclusively on establishing this Court's jurisdiction to entertain the motions while essentially ignoring the only relevant questions of substantive law—offer no lawful basis for an order compelling BNY Mellon to turn over the

Funds. As this Court previously ordered, the Funds should remain in BNY Mellon's accounts. The Court should deny Plaintiffs' Motions in their entirety.

## BACKGROUND

### I. BNY Mellon Holds Funds Received From The Republic Subject To The Indenture And For The Exclusive Benefit Of The Trustee And The Exchange Holders

BNY Mellon's rights and duties as indenture trustee for the Exchange Bonds and Argentina's rights and duties as issuer are defined by the Indenture.[3] *See* Ex. B (Indenture); Ex. C (November 16, 2012 Declaration of Kevin F. Binnie, at ¶ 3). Under the express terms of the Indenture, once the Republic sends debt service payments to BNY Mellon, "*the Republic shall have no interest whatsoever in such amounts*." *See* Ex. B (Indenture) at § 3.5(a) (emphasis added). Instead, upon receipt of funds from the Republic, BNY Mellon holds such funds "in trust" for the "*exclusive benefit of the Trustee and the [Exchange] Holders* entitled thereto in accordance with their respective interests . . . ." *Id.* at § 3.5(a) (emphasis added); *see also id.* at § 3.1 ("All monies (save for its own account) paid to the Trustee under the Debt Securities and this Indenture shall be held by it in trust for itself and the Holders of Debt Securities in accordance with their respective interests . . . ."). Among the Trustee's interests in such funds is a senior lien that secures payment of certain expenses incurred by the Trustee and indemnifies it from any loss or liability. *Id.* at § 5.6.

---

[3] Unlike a common law trustee, an indenture trustee has no duties beyond those set out in the trust agreement. *See, e.g.*, *Elliott Assocs. v. J. Henry Schroder Bank & Trust Co.*, 838 F.2d 66, 71 (2d Cir. 1988) (It is "well established under state common law that the duties of an indenture trustee are strictly defined and limited to the terms of the indenture . . . .") (citations omitted); *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 815-16 (2d Cir. 1985) ("Unlike the ordinary trustee, who has historic common law duties imposed beyond those in the trust agreement, an indenture trustee is more like a stakeholder whose duties and obligations are exclusively defined by the terms of the indenture agreement.") (citations omitted); *AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.*, 11 N.Y.3d 146, 156 (2008) ("The trustee under a corporate indenture . . . has his rights and duties defined . . . exclusively by the terms of the agreement.") (citations omitted).

**II.     BNY Mellon Holds The Funds In Compliance With This Court's Injunctions**

The Injunctions compel the Republic, *inter alia*, to make a "Ratable Payment" to the NML Plaintiffs whenever it "pays any amount due under terms of" the Exchange Bonds.  *See, e.g.*, *NML Capital, Ltd. v. Republic of Argentina*, Case 1:08-cv-06978-TPG [Dkt. 425].  The Injunctions bind the Exchange Bond payment process and prohibit all "participants in the payment process of the Exchange Bonds"—including BNY Mellon, certain of its affiliates, and its agents—"from aiding and abetting any violations" of the Injunctions, including "any effort" by the Republic "to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment."  *Id.* [Dkt. 425]; *see also id.* [Dkt. 424].

The Injunctions became effective on June 18, 2014.  *See* Ex. D (*NML Capital, Ltd. v. Republic of Argentina*, Case 12-105 (2d Cir.) [Dkt. 1056]).  On June 26, 2014, Argentina transferred €225,852,475.66 and $230,922,521.14, for a total aggregate amount of approximately $539 million, into BNY Mellon's accounts at Banco Central de la Republica de Argentina.  *See* Ex. E (June 27, 2014 Tr. in the NML Actions), at 11:25-13:12.  The Republic did not make a Ratable Payment concurrently with, or in advance of, this transfer.  *Id.* at 3:14-19.  In accordance with the Injunctions, BNY Mellon held the Funds in its accounts.

At a June 27, 2014 hearing, the Court observed that the Trustee "didn't do anything wrong" when it "received [Argentina's payment] and then properly held onto it" and that it was "proper[]" and "very very good" for BNY Mellon to have done so.  *Id*. at 33:3-7.  At a subsequent hearing, the Court noted that BNY Mellon acted "wisely and in accordance with the court orders in existence" in holding the Funds.  *See* Ex. F (August 8, 2014 Tr. in the NML Actions) at 7:25-8:2.

In accordance with the procedure established by the Court, BNY Mellon moved for an order clarifying that, consistent with the Indenture and this Court's orders, the Trustee should

continue to hold the Funds in trust for itself and the Exchange Holders in its accounts. *See* Case 1:08-cv-06978-TPG [Dkt. 577, 578, 579, 599, 600]. Certain Exchange Holders also sought an order determining that the Injunctions did not bind their Euro-denominated Exchange Bonds. *See* Case 1:08-cv-06978-TPG [Dkt. 543, 544, 545, 587, 598, 616].

Consistent with the terms of the Indenture, the Republic disclaimed any interest in the Funds, noting that it "no longer has title over them," and that under the Indenture BNY Mellon holds the Funds for the benefit of the Trustee and the Exchange Holders. *See* Case 1:08-cv-06978-TPG (Argentina's Mem.) [Dkt. 602] at 7-8; *see also* Ex. G (July 17, 2014 Advertisement).

The NML Plaintiffs similarly disclaimed any interest in the Funds. *See* Case 1:09-cv-08757-TPG (Pls.' Opp'n) [Dkt. 431] (disclaiming any interest in the Funds).

On August 6, 2014, the Court entered an order confirming that BNY Mellon should maintain the Funds in its accounts pending further order of the Court. *See* Case 1:08-cv-06978-TPG (Order) [Dkt. 633]. The Court further ordered that BNY Mellon would incur no liability for holding the Funds in its accounts in accordance with the Court's orders. *Id.* In compliance with the Court's orders and the Indenture, BNY Mellon continues to hold the Funds in its accounts in trust for itself and the Exchange Holders.

Plaintiffs now ask the Court to compel BNY Mellon to turn over the Funds to satisfy Plaintiffs' judgments against the Republic. Because Plaintiffs cannot meet the statutory prerequisites for such relief, their motions should be denied.

## **ARGUMENT**

Rule 69 of the Federal Rules of Civil Procedure provides that a money judgment is enforced by a writ of execution and that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Under New York law, judgment creditors may move for an order compelling a third party to turn over assets in

which a judgment debtor has an interest, but only "where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee." N.Y. C.P.L.R. § 5225(b).

The Second Circuit Court of Appeals has set forth a two-pronged test for analyzing motions brought pursuant to section 5225(b). *See Beauvais v. Allegiance Sec. Inc.*, 942 F.2d 838 (2d Cir. 1991). First, the movants must show that "the judgment debtor has an interest in the property the creditor seeks to reach." *Id.* at 840 (internal quotations omitted). Second, if the movants satisfy the first prong of the test, they also must show "either that the judgment debtor is entitled to the possession of such property, *or* . . . that the judgment creditor's rights to the property are superior to those of the party in whose possession it is." *Id.* (internal quotations omitted). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor." *Id.* at 840-41.[4]

Because Plaintiffs cannot satisfy either prong of the test in *Beauvais*, their motions should be denied in their entirety.

**I.      The Republic Has No Interest In The Funds**

Plaintiffs cannot meet their threshold burden of showing that the Republic has an interest in the Funds. Citing only BNY Mellon's compliance with the Injunctions, Plaintiffs conclusorily assert that "BNY Mellon is still in possession of the funds in which the Republic clearly has an interest." *See* Case 1:02-cv-04124-TPG (Mot.) [Dkt. 132] at 6; *see also* Case 1:06-cv-13085-TPG (Mot.) [Dkt. 63] at 6 ("[I]t is undisputed that BNY holds funds on behalf of the Republic

---

[4]   In a special proceeding pursuant to section 5225(b), as applied through Rule 69, a court "may grant summary relief where there are no questions of fact, but it must conduct a trial on disputed issues of fact on adverse claims in a turnover matter." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995) (quotations omitted).

. . . ."). Plaintiffs offer no evidence to support their conclusion that the Republic has an interest in the Funds. For this reason alone, their motions should be denied.

Plaintiffs offer no evidence that the Republic maintains an interest in the Funds because none exists. Indisputably, the opposite is true: the Republic has *no* interest in the Funds. Pursuant to the Indenture, "the Republic shall have no interest whatsoever in [debt service payments transferred to the Trustee]." Ex. B (Indenture) at § 3.5(a). Rather, "such amounts shall be held in trust by the Trustee for the exclusive benefit of the Trustee and the [Exchange] Holders entitled thereto in accordance with their respective interests . . . ." *Id.*; *see also* § 3.1 ("All monies . . . paid to the Trustee . . . shall be held by it in trust for itself and the Holders of Debt Securities in accordance with their respective interests to be applied by the Trustee to payments due under the Debt Securities and this Indenture . . . .").

Consistent with the Indenture, the Republic repeatedly has disclaimed any interest in the Funds. *See, e.g.*, Case 1:08-cv-06978-TPG (Argentina's Mem.) [Dkt. 602] at 7-8 (noting that the Republic "no longer has title over" the Funds, that BNY Mellon owes no duties to the Republic, and that "any funds received by [BNY Mellon] must be held in trust for the Exchange Bondholders" and the Trustee).

Any suggestion that the improper nature of the Republic's transfer somehow revived the Republic's former interest in the Funds is unfounded. Indeed, in its August 6 Order, the Court expressly recognized that BNY Mellon holds the Funds pursuant to the Indenture and confirmed that BNY Mellon "shall incur no liability under the Indenture" for complying with the Court's orders.[5] *See* Case 1:08-cv-06978-TPG (Order) [Dkt. 633]. Recognizing the Republic's lack of

---

[5] Compelling a turnover would expose BNY Mellon to additional liability (*e.g.*, from the Exchange Holders), contrary to the Court's expressly stated goal. *See, e.g.*, Ex. E (June 27, 2014 Tr. in the NML Actions), at 36:11-15.

interest in the Funds, the Court ordered the Republic to "take no steps to interfere with" BNY Mellon's retention of the Funds in its accounts. *Id.*

In short, consistent with the Indenture, BNY Mellon holds the Funds in trust for the exclusive benefit of itself and the Exchange Holders, *see, e.g.*, Ex. B (Indenture) at §§ 3.1, 3.5(a), and subject to the Court's orders. Because the Republic has no interest in the Funds, Plaintiffs' Motions should be denied.

## II. The Trustee's Rights In And To The Funds Are Superior To Any Rights Of Plaintiffs

Assuming *arguendo* that the Republic had an interest in the Funds, Plaintiffs' motions would fail because Plaintiffs cannot show either that the Republic is entitled to possession of the Funds or that the Republic holds any right superior to that of the Trustee.[6] Plaintiffs make no attempt to show that the Republic is entitled to possession (nor, for the reasons previously stated, could they). Rather, the Applestein Plaintiffs claim only that any right they have to the Funds outweighs that of BNY Mellon. To further this unsupportable claim, the Applestein Plaintiffs manufacture 'facts' from whole cloth, alleging that "BNY Mellon . . . has clearly stated [in its Motion to Clarify] that it does not have any claim to the funds held in its account." *See* Case 1:02-cv-04124-TPG (Mot.) [Dkt. 132] at 6 (citing 1:08-cv-06978-TPG (BNY Mellon's Mem. re: Mot. to Clarify) [Dkt. 578] at 3).

BNY Mellon has ***never*** disclaimed an interest in the Funds. To the contrary, BNY Mellon's Motion to Clarify explained that the Trustee holds the Funds for both itself and the Exchange Holders and that BNY Mellon is entitled to retain the Funds in its accounts in order to protect those interests. *See* 1:08-cv-06978-TPG (BNY Mellon's Mem. re: Mot. to Clarify) [Dkt.

---

[6] The Dussault Plaintiff makes no effort to satisfy this prong of the *Beauvais* test. Her motion should be denied for this additional reason.

- 8 -

578]. The Trustee's right to the Funds is unqualified. *See* Ex. B (Indenture) at ¶ 3.5(a) ("In order to provide for the payment of principal of and interest on the Debt Securities of any Series as such principal and interest will become due and payable, the Republic hereby agrees to pay or to cause to be paid to an account of the Trustee . . . an amount which . . . shall be sufficient to pay the aggregate amount of interest or principal or both and any other amounts . . . becoming due in respect of such Debt Securities on such Payment Date."). Consistent with the Court's orders and the Indenture, BNY Mellon holds the Funds in trust pending application in accordance with the Indenture. *Id.* ("[S]uch amounts shall be held in trust by the Trustee for the exclusive benefit of the Trustee and the Holders entitled thereto in accordance with their respective interests . . . ."); *see also* Case 1:08-cv-06978-TPG (Injunction) [Dkt. 425]; (Order) [Dkt. 633]. Plaintiffs do not—and cannot—argue that their judgments trump BNY Mellon's rights and interests to the Funds.

BNY Mellon also has a superior right to the Funds through, *inter alia*, the senior lien securing payment of the Trustee's costs and expenses and indemnifying the Trustee against any potential liability. *See* Ex. B (Indenture) at § 5.6. An order compelling the Trustee to turn over the Funds to Plaintiffs effectively would deprive the Trustee of this and other rights in contravention of the Fifth Amendment. *See, e.g.*, *Wright v. Union Cent. Life Ins. Co.*, 311 U.S. 273 (1940) (mortgage lien constitutes property interest under the Fifth Amendment); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935) (mortgagee entitled to compensation for the relinquishment of its lien).

Because BNY Mellon holds the Funds in trust for the benefit of the Trustee and the Exchange Holders, Plaintiffs cannot show that any purported right they might assert is superior to BNY Mellon's rights and interests.

## **CONCLUSION**

For the reasons stated above, the Trustee respectfully requests that the Court deny Plaintiffs' Motions in their entirety.

Respectfully submitted,

REED SMITH LLP

By: */s/ Eric A. Schaffer*
    Eric A. Schaffer
    C. Neil Gray
    Evan K. Farber
    599 Lexington Avenue
    New York, NY 10022
    (212) 521-5400

    *Attorneys for Non-Party The Bank of New York Mellon, as Indenture Trustee*

Dated: New York, New York
       September 22, 2014