UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                 :

ALLEN APPLESTEIN, et al.,

                         Plaintiffs,           :    02 Civ. 4124 (TPG)

- against -

THE REPUBLIC OF ARGENTINA,

                         Defendant.    :

--------------------------------------------------------------------X
                                   :

APPLESTEIN,

                         Plaintiff,       :    02 Civ. 1773 (TPG)

- against -

THE REPUBLIC OF ARGENTINA, et al.,

                         Defendants.  :

-------------------------------------------------------------------- X
                                   :

FRANCESCHI, et al.,                     :    03 Civ. 4693 (TPG)

                         Plaintiffs,          :

- against -

THE REPUBLIC OF ARGENTINA,

                         Defendant.    :

--------------------------------------------------------------------X *(captions continue on following pages)*

**MEMORANDUM OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO
PLAINTIFFS' MOTIONS TO EXECUTE ON EXCHANGE BONDHOLDER
PROPERTY LOCATED IN ARGENTINA**

```
-------------------------------------------------------------------- X
MAZZINI, et al.,                                   :
                                                   :
                              Plaintiffs,          :    03 Civ. 8120 (TPG)
                                                   :
              - against -                           :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
                                                   :
--------------------------------------------------------------------X
MORATA, et al.,                                    :
                                                   :
                              Plaintiffs,          :    04 Civ. 3314 (TPG)
                                                   :
              - against -                           :
                                                   :
THE REPUBLIC OF ARGENTINA, et al.,                 :
                                                   :
                              Defendants.          :
                                                   :
--------------------------------------------------------------------X
MOLDES, et al.,                                    :
                                                   :
                              Plaintiffs,          :    04 Civ. 6137  (TPG)
                                                   :
              - against -                           :
                                                   :
THE REPUBLIC OF ARGENTINA, et al.,                 :
                                                   :
                              Defendants.          :
--------------------------------------------------------------------X
                                                   :
CILLI, et al.,                                     :
                                                   :
                              Plaintiffs,          :    04 Civ. 6594  (TPG)
                                                   :
              - against -                           :
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                              Defendant.           :
--------------------------------------------------------------------X
```

```
-------------------------------------------------------------------- X
ROSA, et al.,                                        :
                                                     :
                            Plaintiffs,              :    04 Civ. 7504 (TPG)
                                                     :
            - against -                              :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                            Defendant.               :
                                                     :
------------------------------------------------------------------X
CONSOLINI, et al.,                                   :
                                                     :
                            Plaintiffs,              :    05 Civ. 0177  (TPG)
                                                     :
            - against -                              :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                            Defendant.               :
                                                     :
------------------------------------------------------------------X
FERRI, et al.,                                       :
                                                     :
                            Plaintiffs,              :    05 Civ. 2943  (TPG)
                                                     :
            - against -                              :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                            Defendant.               :
------------------------------------------------------------------X
                                                     :
RIGUEIRO, et al.,                                    :
                                                     :
                            Plaintiffs,              :    05 Civ. 3089  (TPG)
                                                     :
            - against -                              :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                            Defendant.               :
------------------------------------------------------------------X
```

```
------------------------------------------------------------------ X
BETTONI, et al.,                                      :
                                                      :
                                  Plaintiffs,         :    05 Civ. 4299 (TPG)
                                                      :
                    - against -                       :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                  Defendant.          :
                                                      :
------------------------------------------------------------------X
FEDECOSTANTE, et al.,                                 :
                                                      :
                                  Plaintiffs,         :    05 Civ. 4466  (TPG)
                                                      :
                    - against -                       :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                  Defendant.          :
                                                      :
------------------------------------------------------------------X
LISI, et al.,                                         :
                                                      :
                                  Plaintiffs,         :    05 Civ. 6002  (TPG)
                                                      :
                    - against -                       :
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                                  Defendant.          :
------------------------------------------------------------------X
ROSSINI, et al.,                                      :
                                                      :
                                  Plaintiffs,         :    05 Civ. 6200  (TPG)
                                                      :
                    - against -                       :
                                                      :
THE REPUBLIC OF ARGENTINA,  et al.,                   :
                                                      :
                                  Defendants.         :
------------------------------------------------------------------X
```

```
------------------------------------------------------------------- X
KLEIN, et al.,                                           :
                                                         :
                              Plaintiffs,                :    05 Civ. 6599 (TPG)
                                                         :
              - against -                                :
                                                         :
THE REPUBLIC OF ARGENTINA,                               :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------------------X
LOVATI,                                                  :
                                                         :
                              Plaintiff,                 :    05 Civ. 8195  (TPG)
                                                         :
              - against -                                :
                                                         :
THE REPUBLIC OF ARGENTINA,                               :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------------------X
BOTTI, et al.,                                           :
                                                         :
                              Plaintiffs,                :    05 Civ. 8687  (TPG)
                                                         :
              - against -                                :
                                                         :
THE REPUBLIC OF ARGENTINA,  et al.,                      :
                                                         :
                              Defendants.                :
-------------------------------------------------------------------X
PASQUALI,                                                :
                                                         :
                              Plaintiff,                 :    05 Civ. 10636  (TPG)
                                                         :
              - against -                                :
                                                         :
THE REPUBLIC OF ARGENTINA,                               :
                                                         :
                              Defendant.                 :
-------------------------------------------------------------------X
```

```
------------------------------------------------------------------- X
MARIE LAURETTE DUSSAULT,                        :
                                                :
                              Plaintiff,         :    06 Civ. 13085 (TPG)
                                                :
             - against -                         :
                                                :
THE REPUBLIC OF ARGENTINA,                       :
                                                :
                              Defendant.         :
                                                :
-------------------------------------------------------------------X
BEYER, et al.,                                   :
                                                :
                              Plaintiffs,        :    07 Civ. 0098  (TPG)
                                                :
             - against -                         :
                                                :
THE REPUBLIC OF ARGENTINA,                       :
                                                :
                              Defendant.         :
                                                :
-------------------------------------------------------------------X
BORGRA, et al.,                                  :
                                                :
                              Plaintiffs,        :    07 Civ. 5807  (TPG)
                                                :
             - against -                         :
                                                :
THE REPUBLIC OF ARGENTINA,                       :
                                                :
                              Defendant.         :
-------------------------------------------------------------------X
```

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ......................................................................................................... 2

      A.  The Funds In BNYM's Bank Accounts In Argentina Are Held In Trust For The Exchange Bondholders ....................................................... 2

      B.  Plaintiffs' Present Motions Seeking To Execute On Exchange Bondholder Funds Located Outside The United States ............................ 3

ARGUMENT ............................................................................................................... 4

PLAINTIFFS' TURNOVER MOTIONS MUST BE REJECTED ................................ 4

    I.  Plaintiffs' Motions Fail Under Both State Law And Principles Of International Comity ................................................................................. 4

      A.  The Funds Targeted By Plaintiffs Are Not Subject To Execution Because They Are Property Of The Exchange Bondholders, Not The Republic ......................................................... 4

      B.  Plaintiffs' Extraterritorial "Turnover" Demands Are Precluded By Principles of International Comity .............................. 6

    II.  Even Assuming, Contrary To The Facts And The Republic's Position, That The Funds Are The Republic's Property, The Funds Would Be Beyond The Scope Of Execution Under The FSIA Because They Are Located Outside The United States ....................................................... 8

CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aurelius Capital Partners, LP v. Republic of Argentina,*
No. 07 Civ. 2715 (TPG), 2010 WL 2925072 (S.D.N.Y. July 23, 2010) ........................... 8, 10

*Autotech Techs. LP v. Integral Research & Dev. Corp.,*
499 F.3d 737 (7th Cir. 2007) ....................................................................................... 9

*Ayyash v. Koleilat,*
957 N.Y.S.2d 574 (Sup. Ct. N.Y. Cnty. 2012),
*aff'd,* 981 N.Y.S.2d 536 (1st Dep't 2014)................................................................... 6

*Bass v. Bass,*
528 N.Y.S.2d 558 (1st Dep't 1988) .............................................................................. 5

*Capital Ventures Int'l v. Republic of Argentina,*
282 F. App'x 41 (2d Cir. 2008) ................................................................................... 5-6

*EM Ltd. v. Republic of Argentina,*
473 F.3d 463 (2d Cir. 2007)......................................................................................... 4

*Gucci Am., Inc. v. Weixing Li,*
No. 11-3934-cv, 2014 WL 4629049 (2d Cir. Sept. 17, 2014) ........................................ 6

*Hilton v. Guyot,*
159 U.S. 113 (1895)...................................................................................................... 6

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,*
412 F.3d 418 (2d Cir. 2005).......................................................................................... 7

*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,*
313 F.3d 70 (2d Cir. 2002)............................................................................................ 4-5

*Motorola Credit Corp. v. Uzan,*
388 F.3d 39 (2d Cir. 2004)............................................................................................ 6

*NML Capital, Ltd. v. Banco Central de la República Argentina,*
652 F.3d 172 (2d Cir. 2011).......................................................................................... 8

*NML Capital, Ltd. v. Republic of Argentina,*
699 F.3d 246 (2d Cir. 2012).......................................................................................... 5

*Peterson v. Islamic Republic of Iran,*
627 F.3d 1117 (9th Cir. 2010) ...................................................................................... 8-9

ii

*Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*,
513 B.R. 222 (S.D.N.Y. 2014)............................................................................... 7-8

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*,
482 U.S. 522 (1987)............................................................................................ 6

*Walters v. Indus. & Commercial Bank of China Ltd.*,
651 F.3d 280 (2d Cir. 2011)............................................................................... 1, 9-10

**Rules and Statutes**

Fed. R. Civ. P. 69(a) ........................................................................................... 10

N.Y. C.P.L.R. § 5225(b) ..................................................................................... 5

Defendant the Republic of Argentina (the "Republic") respectfully submits this

memorandum in opposition to the motions for turnover orders against The Bank of New York

Mellon ("BNYM") filed on August 7, 2014 by plaintiffs in *Applestein v. Republic of Argentina*,

No. 02 Civ. 4124, and other related actions, and on August 18, 2014 by plaintiff in *Dussault v.*

*Republic of Argentina*, No. 06 Civ. 13085 (together, the "Motions").

## PRELIMINARY STATEMENT

By their Motions, plaintiffs seek to satisfy their judgments against the Republic

by executing on *Exchange Bondholder* property located *in Argentina*.  Specifically, plaintiffs

seek to execute upon the approximately $539 million of funds that BNYM holds in trust for the

Exchange Bondholders in connection with the June 30, 2014 interest payment due on the

Exchange Bonds (the "Funds"), which this Court directed BNYM to retain in its Argentine bank

accounts in light of the fact that the plaintiffs holding *pari passu* injunctions (the "Injunctions")

have not been paid in full on their defaulted debt.  The Motions necessarily fail on their face.

*First*, under basic state law principles, execution is limited to property in which

the judgment debtor has an interest, and here, the record shows that the Republic has no interest

whatsoever in the Funds that plaintiffs target, which under the terms of the governing Trust

Indenture plainly belong to the Exchange Bondholders.  And because the extraterritorial relief

demanded by plaintiffs flatly contradicts Argentine law, principles of international comity further

necessitate the Motions' denial.

*Second*, even assuming, contrary to the facts and the position of the Republic, that

the Republic has an interest in the Exchange Bondholders' Funds, which it does not, the

property's situs outside the United States clearly puts it beyond the scope of execution under the

Foreign Sovereign Immunities Act ("FSIA").  This limitation on execution against foreign state

property has been consistently recognized by this and other courts, including the Second Circuit

in *Walters v. Indus. & Commercial Bank of China Ltd.*, 651 F.3d 280, 297 (2d Cir. 2011).

The Motions must be denied.

## BACKGROUND

**A.      The Funds In BNYM's Bank Accounts In Argentina Are Held In Trust For The Exchange Bondholders**

Following the Republic's default in 2001 on over $80 billion of external

indebtedness, including on bonds issued pursuant to a 1994 Fiscal Agency Agreement, the

Republic restructured in 2005 and 2010 over 92% of its eligible defaulted debt.  Certain of the

bonds issued in connection with that restructuring – which now total over $28 billion in

outstanding principal – were issued pursuant to a Trust Indenture, dated June 2, 2005 for which

BNYM serves as the Exchange Bondholders' Trustee.[1]  *See* Trust Indenture, dated June 2, 2005

("Indenture") (Ex. D);[2] Argentine Ministry of Economy and Public Finance, Public Debt Chart at

A.1.11, dated June 30, 2012 (Ex. C).  As Trustee for the Exchange Bondholders, BNYM owes

duties *only* to the holders of the Republic's restructured debt – and *not* to the Republic.

Under the terms of the Indenture, the Republic pays the Exchange Bonds by

transferring amounts that are due thereunder to BNYM for the account of the Exchange

Bondholders.  *See* Indenture § 3.1 (Ex. D) ("All monies . . . paid to the Trustee under the

[restructured debt] and this Indenture shall be held by it in trust for itself and the [Exchange

---

[1] The Indenture was supplemented in connection with the Republic's 2010 Exchange Offer by the First Supplemental Indenture between the Republic and the Trustee, dated as of April 30, 2010.  The U.S. Dollar Exchange Bonds are governed by New York law, while the Euro Exchange Bonds are governed by the law of England and Wales (with the law governing the Indenture similarly varying depending on the denomination of the Exchange Bond at issue).  As explained below, the plain language of the Indenture demonstrates that under either body of law the Funds are property of the Exchange Bondholders, not the Republic.

[2] All exhibits are attached to the Declaration of Carmine D. Boccuzzi, dated September 22, 2014.

Bondholders] in accordance with their respective interests to be applied by the Trustee to

payments due under the [restructured debt].").  The Republic's payments to BNYM take place in

Argentina, where BNYM receives funds in its accounts at the Central Bank of Argentina, Banco

Central de la República Argentina ("BCRA").  *See* Decl. of Kevin F. Binnie of The Bank of New

York Mellon ("Binnie Decl.") ¶¶ 11-12, dated Nov. 16, 2012 (Ex. B) (describing payment

process on U.S. Dollar Exchange Bonds:  "Step One: The Republic transfers funds to a US

Dollar deposit account in the name of the Trustee at [BCRA]"); *id.* ¶ 10 (describing payment

process on Euro Exchange Bonds:  "Step One: The Republic transfers funds to a Euro deposit

account in the name of the [Trustee] at [BCRA]").

   Once the transfers to the accounts of BNYM take place, the Republic has no right

to the funds, and they are no longer the property of the Republic.  As the Indenture makes clear:

> [T]he Trustee shall apply [the Funds] to the payment due
> on such Payment Date.  Pending such application, such
> amounts shall be held in trust by the Trustee for the
> exclusive benefit of the Trustee and the [Exchange
> Bondholders] . . . in accordance with their respective
> interests *and the Republic shall have no interest whatsoever
> in such amounts*.

*See* Indendure § 3.5(a) (Ex. D) (emphasis added).

**B.**   **Plaintiffs' Present Motions Seeking To Execute On Exchange Bondholder Funds
Located Outside The United States**

   On June 26, 2014, as provided by Sections 3.1 and 3.5 of the Indenture, the

Republic transferred to BNYM's accounts at BCRA dollars and euros totaling approximately

$539 million in connection with scheduled Exchange Bond interest payments due on June 30,

2014.  Because of the Injunctions, BNYM retained the Funds and sought the Court's guidance on

what it should do with them.

At a June 27, 2014 hearing concerning this and other issues, the Court rejected the

idea of an interpleader action to bring the Funds before the Court and instructed the parties to

settle an order concerning the Funds.  *See* June 27, 2014 Hr'g Tr. at 32:23-24 (THE COURT:

"There is no need for an interpleader action."); *id.* at 33:7-14, 36:8-15 (parties should work

together to draft order).  After the parties were initially unable to agree on an order, BNYM

moved for clarification, seeking permission to retain the Funds in its accounts at BCRA.

Plaintiffs in the separate *pari passu* actions and BNYM thereafter agreed on such an order, which

this Court entered on August 6, 2014 (the "August 6 Order").  *See* August 6 Order ¶ 2 (Ex. A)

("BNY[M] shall retain the Funds in its accounts at the BCRA pending further Order of this

Court, and shall not make or allow any transfer of the Funds unless ordered by the Court.")

Notwithstanding that the clear terms of the Indenture make plain that the Funds

belong to the Exchange Bondholders, and that this Court's August 6 Order directs that the Funds

are to be retained by BNYM until the Court directs otherwise, plaintiffs move pursuant to CPLR

§ 5225(b) to execute upon the Funds in satisfaction of their judgments against the Republic.

Plaintiffs' Motions lack any basis and must be denied.

## ARGUMENT

### PLAINTIFFS' TURNOVER MOTIONS MUST BE REJECTED

I.    **Plaintiffs' Motions Fail Under Both State Law And Principles Of International Comity**

A.    **The Funds Targeted By Plaintiffs Are Not Subject To Execution Because They Are Property Of The Exchange Bondholders, Not The Republic**

The Court must deny plaintiffs' requests to execute upon the Funds because they

plainly belong to the third-party Exchange Bondholders.  As made clear above, once BNYM

received the Funds in its accounts at BCRA, they became the property of the Exchange

Bondholders, and the Republic no longer had any interest in them.  *See* Indenture § 3.5(a) (Ex.

D) ("the Republic shall have no interest whatsoever in such amounts").  Plaintiffs' Motions thus

fail under longstanding, black letter law, which mandates that a creditor may *not* execute –

including under CPLR § 5225(b) – upon property in which the debtor has no interest.  *See EM*

*Ltd. v. Republic of Argentina*, 473 F.3d 463, 476 n.13 (2d Cir. 2007) ("party seeking to enforce a

judgment . . . . cannot reach . . . assets in which the judgment debtor has no interest") (citation

and internal quotation marks omitted); *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan*

*Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 83 (2d Cir. 2002) (same); *Bass v. Bass*, 528

N.Y.S.2d 558, 560-61 (1st Dep't 1988) ("CPLR 5201(b) provides that a judgment may be

enforced [only] against any property which could be assigned or transferred, that is, property that

the judgment debtor has the power to assign or transfer.") (citation and internal quotation marks

omitted); N.Y. C.P.L.R. § 5225(b) (court may enter "turnover" order only with respect to

"property in which the judgment debtor has an interest").[3]

        Plaintiffs do not – because they cannot – dispute this basic legal standard.  *See*

Applestein Pls. Br. at 6 (acknowledging that plaintiffs must "demonstrate that BNY[M] is in

possession of money in which the Republic has an interest"); Dussault Br. at 5 (recognizing that

CPLR § 5225(b) requires that the "judgment creditor [have] an interest" in the money at issue).

Plaintiffs nonetheless assert – without any basis – that they have somehow met their burden of

satisfying CPLR § 5225(b) because the Republic purportedly "clearly has an interest" in the

---

[3] In affirming this Court's Injunctions, the Second Circuit rejected the notion that payments to
Exchange Bondholders could be seized by other Republic creditors:  "[n]othing in the
Injunctions suggests that plaintiffs would 'execute upon' any funds, much less those held in trust
for the exchange bondholders." *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 263
n.14 (2d Cir. 2012).  By specifically seeking to execute on bondholder property here, plaintiffs
are thus acting contrary to the contemplation of the Court of Appeals and in a manner that clearly
*does* violate New York's law of attachment and execution.

Funds.  Applestein Pls. Br. at 6; *see also* Dussault Br. at 6 (baldly asserting that "BNY[M] holds

funds on behalf of the Republic").

But plaintiffs offer *nothing* in support of this assertion other than their *ipse dixit*.

*See id.*  Nor could they possibly do so, given that the record and plain language of the Indenture

make clear that the exact opposite is true.  The Funds held by BNYM are the property of the

Exchange Bondholders, and the Republic now lacks any interest in them.  Plaintiffs' Motions

must accordingly be denied.  *Accord Capital Ventures Int'l v. Republic of Argentina*, 282 F.

App'x 41, 42 (2d Cir. 2008) (instructing district court to "take care to craft attachment orders so

as to avoid interrupting Argentina's regular payments to bondholders").

## B.   Plaintiffs' Extraterritorial "Turnover" Demands Are Precluded By Principles of International Comity

The Funds are also not subject to execution under principles of international

comity because plaintiffs' extraterritorial execution requests contravene Argentine law.[4]  *See*

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 60 (2d Cir. 2004) (citing Restatement (Third) of

Foreign Relations Law § 441 (1987)) ("[I]t is well established that 'a state may not require a

person to do an act in another state that is prohibited by the law of that state or the law of the

state of which he is a national.'"); *see also Ayyash v. Koleilat*, 957 N.Y.S.2d 574, 582 (Sup. Ct.

N.Y. Cnty. 2012), *aff'd*, 981 N.Y.S.2d 536 (1st Dep't 2014) ("Under principles of international

comity, a New York court should not encroach upon another nation's sovereignty by requiring

---

[4] Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws."  *Hilton v. Guyot*, 159 U.S. 113, 163–64 (1895); *see also Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.27 (1987) (the doctrine of international comity "refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states").

citizens to take actions within their home country that would contravene their home country's

laws."). As the Second Circuit recently held in the context of a turnover motion similarly

directed to property outside the United States, these comity concerns *must* be taken into account

in this context. *See Gucci Am., Inc. v. Weixing Li*, No. 11-3934-cv, 2014 WL 4629049, at \*13-

15 (2d Cir. Sept. 17, 2014). Here, they require that the Motions be rejected.

Under Argentine law – like the Chinese law at issue in *Gucci America* – a foreign

judgment is not enforceable without the entry of a complementary judgment in local Argentine

proceedings. Thus, a U.S. plaintiff cannot properly seek to obtain the "turnover" of property

located in Argentina unless such relief has been validated by an Argentine court in accordance

with applicable rules concerning international judicial cooperation and recognition of foreign

judgments and decrees. *See* Ministerio de Economía y Finanzas Públicas, Código Procesal Civil

y Comercial de la Nación Argentina [Cód. Proc. Civ. y Com.] [Civil and Commercial Procedure

Code], art. 517, *available at* http://www.infoleg.gov.ar/infolegInternet/anexos/15000-

19999/16547/texact.htm (last visited Sept. 22, 2014) (Ex. E) (requiring, *inter alia*, that a foreign

judgment be recognized in an Argentine court before its enforcement in Argentina may

commence and that any such judgment must not contravene the public policy of Argentina).

Here, notwithstanding the fact that it is undisputed that the Funds are located in

Argentina, plaintiffs have made no showing that they have even sought to obtain the necessary

recognition in local exequatur proceedings. Nor could they, given that Argentine law, like New

York law, would not permit a judgment creditor to seize property in which the judgment debtor

has no interest. The extraterritorial orders that plaintiffs seek would thus run afoul of principles

of comity by compelling BYNM to transfer the Funds at issue to plaintiffs in violation of

Argentine law. This is precisely the situation that comity is meant to avoid, and is yet another

reason why the Motions must be denied.  *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 423-24 (2d Cir. 2005) (discussing the "origins" of international comity, which is "clearly concerned with maintaining amicable working relationships between nations"); *see also Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014) (holding that Section 550(a) of the Bankruptcy Code "does not apply extraterritorially to allow for the recovery" of property abroad; "the interests of the affected forums and the mutual interest of all nations in smoothly functioning international law counsel against the application of United States law") (internal citation and quotation marks omitted).

**II.      Even Assuming, Contrary To The Facts And The Republic's Position, That The Funds Are The Republic's Property, The Funds Would Be Beyond The Scope Of Execution Under The FSIA Because They Are Located Outside The United States**

Even assuming that the Republic has an interest in the Funds – which it clearly does not – plaintiffs' attempts to execute upon them must still be rejected because they are located outside the United States where they would be indisputably beyond the scope of execution under the FSIA.

As this Court recognized in rejecting a similar turnover motion because it was also directed at property located in Argentina, "[u]nder the FSIA, a judgment creditor of a foreign state may only attach or execute against 'property *in the United States* of a foreign state . . . used for a commercial activity in the United States.'"  *Aurelius Capital Partners, LP v. Republic of Argentina*, No. 07 Civ. 2715 (TPG), 2010 WL 2925072, at *2 (S.D.N.Y. July 23, 2010) (citing 28 U.S.C. 1610(a)) (emphasis added); *see also id.* at *4 ("It follows that, because the Trust Bonds are not property 'in the United States' of a foreign state, they are immune from attachment and execution under the terms of the FSIA.").  The courts of appeals are in agreement and likewise read the text of FSIA Section 1610(a) to mean precisely what it says:  that the only

sovereign property subject to execution under the FSIA is that which is, *inter alia*, located in the United States.  *See NML Capital, Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172, 186-87 (2d Cir. 2011) ("Unless the property of a foreign state . . . is subject to one of the exceptions set forth in FSIA § 1610, it is immune from attachment, arrest, and execution pursuant to FSIA § 1609."); *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1131-32 (9th Cir. 2010) (affirming denial of execution attempt as violative of Section 1610(a) because it targeted property located in France that was therefore "immune from execution"); *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 750 (7th Cir. 2007) ("[T]he FSIA authorizes execution only against properties in the United States.").

As discussed above, the undisputed fact is that the Funds are located *outside the United States* in BNYM's accounts at BCRA in Argentina.  *See* June 27 Hr'g Tr. at 12:9-10; August 6 Order ¶ 2 (Ex. A); Applestein Pls. Br. at 5; Dussault Br. at 5.  Thus, even assuming that the Funds are property of the Republic, which is not the case, plaintiffs' attempt to execute on them would still fail under a straightforward application of Section 1610(a)'s plain language and the case law applying it, including the decisions of this Court.

Plaintiffs, who bear the burden of establishing an exception to FSIA immunity, do not even allege that one applies here.  *See Peterson*, 627 F.3d at 1128 ("[I]t is the plaintiff[s'] burden to prove that an exception to immunity applies if it is readily apparent that the property at issue belongs to a foreign state.").  Instead, plaintiffs cite cases supporting the proposition that in the *non*-sovereign context, New York courts may have the ability to order the turnover of property located outside the State.  *See* Applestein Pls. Br. at 5-6 (citing, *inter alia*, *Koehler v. Bank of Bermuda Ltd.*, 883 N.Y.S.2d 763 (2009)); Dussault Br. at 5-6.  But those cases say nothing about the permissible scope of turnover orders in the *sovereign* context, where, as both

9

this Court and the Second Circuit have recognized, the FSIA applies and – as in any other

sovereign execution proceeding – serves to limit any such orders to the bounds of the FSIA's

immunity exceptions.  *See Walters*, 651 F.3d at 280 (affirming dismissal of petition for turnover

order pursuant to Rule 69(a) and CPLR § 5225(b) "[t]o the extent the petition sought assets

beyond the scope of the exception to immunity from execution set forth in 28 U.S.C.

§ 1610(a)(2)"); *Aurelius Capital Partners, LP*, 2010 WL 2925072, at *4 (rejecting as violative of

FSIA Section 1610(a) turnover motion pursuant to CPLR § 5225(a)); Fed. R. Civ. P. 69(a) ("The

procedure on execution . . . must accord with the procedure of the state where the court is

located, but a federal statute governs to the extent it applies.").  Here, plaintiffs seek to exceed

the bounds of those exceptions, and the Motions would therefore have to be denied on FSIA

grounds even if they did not suffer from the state law and comity defects described above.

## CONCLUSION

For the foregoing reasons, the Motions should be denied.

Dated:  New York, New York
       September 22, 2014

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Carmine D. Boccuzzi
       Jonathan I. Blackman (jblackman@cgsh.com)
       Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

10