# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
COUNSEL

STEVEN E. FRANKEL
DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
PEARLINE M. HONG
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
RAINA L. NORTICK
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
ANDREW C. KOSTIC

October 8, 2014

BY E-MAIL AND ECF

Honorable Thomas P. Griesa
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:   *Applestein, et al. v. The Republic of Argentina*, 02 Civ. 04124, and related cases
           *Dussault v. The Republic of Argentina*, 06 Civ. 13085

Dear Judge Griesa:

      This firm represents Aurelius Capital Master, Ltd., ACP Master, Ltd., Aurelius Opportunities Fund II, LLC, and Blue Angel Capital I LLC, plaintiffs in certain of the *Pari Passu Actions*[1] pending before Your Honor, and we write on behalf of all

---

[1] The *Pari Passu Actions* are *NML Capital, Ltd. v. The Republic of Argentina*, 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG); *Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina*, 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG); *Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. The Republic of Argentina,* 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG); *Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*, 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG); *Blue Angel Capital I LLC, v. The Republic of Argentina*, 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG); *Olifant Fund, Ltd. v. The Republic of Argentina*, 10 Civ. 9587 (TPG), and *Pablo Alberto Varela, et al. v. The Republic of Argentina*, 10 Civ. 5338 (TPG).

3005220.1

Honorable Thomas P. Griesa                - 2 -                           October 8, 2014

plaintiffs in those actions (the "*Pari Passu* Plaintiffs") to address the turnover motions filed by the plaintiffs in the above-referenced *Applestein* and *Dussault* actions.

As Your Honor is aware, on June 26, 2014, Argentina attempted to make a payment on the Exchange Bonds in violation of the Amended February 23, 2012 Orders entered by the Court in the *Pari Passu Actions* by transferring approximately $539 million (the "Funds") to accounts in the name of The Bank of New York Mellon ("BNYM") at the Banco Central de la República Argentina ("BCRA") without making a Ratable Payment to the *Pari Passu* Plaintiffs.  BNYM sought guidance from the Court as to what it should do with the Funds, and after considering various proposals the Court decided that the best course was for the Funds to remain in BNYM's account at the BCRA.  (*See* August 6, 2014 Order, Dkt. No. 633 in No. 08-cv-6978 (the "BNYM Order").)

Notwithstanding the BNYM Order, the *Applestein* and *Dussault* plaintiffs – none of whom are *Pari Passu* Plaintiffs – have now moved for orders directing BNYM to turn over the Funds to them (the "Turnover Motions").  BNYM, the Republic, and certain Euro Bondholders have all opposed the Turnover Motions on various grounds. The *Pari Passu* Plaintiffs also believe that the motions should be denied, although they do not join in the arguments made by BNYM, the Republic or the Euro Bondholders. Indeed, the *Pari Passu* Plaintiffs believe the Court does not have to reach these various competing arguments – in particular, whether under the Foreign Sovereign Immunities Act the Republic has an interest in the Funds that BNYM can be compelled to transfer from its accounts at the BCRA in Argentina to parties in New York.

The fact is that the Court has already ruled that Argentina's $539 million payment to BNYM was an illegal attempt to pay the Exchange Bondholders without making a Ratable Payment to the *Pari Passu* Plaintiffs.  In the BNYM Order, the Court directed that the Funds should remain frozen with BNYM pending further order of the Court, and nothing in the Turnover Motions provides a basis for the Court to unfreeze the Funds.  Until there is a settlement or other resolution of the *Pari Passu Actions*, which with the assistance of the Special Master we hope will happen, the only proper alternative to the Funds remaining frozen at BNYM would be an order directing BNYM to divide the Funds in accordance with the Ratable Payment formula set forth in the Amended February 23, 2012 Orders, and pay them out to the *Pari Passu* Plaintiffs and the Exchange Bondholders in accord with such formula.

Honorable Thomas P. Griesa		- 3 -		October 8, 2014

       Accordingly, the *Pari Passu* Plaintiffs respectfully request that the Court deny the Turnover Motions so that the Funds can remain frozen with BNYM pursuant to the BNYM Order.  If, however, the Court is inclined to change its ruling that the Funds remain frozen at BNYM, then we submit that the Funds should be distributed in accordance with the Ratable Payment formula set forth in the Amended February 23, 2012 Orders.

       Respectfully yours,

       Edward A. Friedman

cc:    Anthony J. Costantini, Esq.
        Robert L. Lash, Esq.
        Carmine D. Boccuzzi, Jr., Esq.
        Eric A. Schaffer, Esq.
        Christopher J. Clark, Esq.
        Robert A. Cohen, Esq.
        Michael C. Spencer, Esq.
        Robert D. Carroll, Esq.