# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS
LONDON • MOSCOW • FRANKFURT • COLOGNE
ROME • MILAN • HONG KONG • BEIJING

Writer's Direct Dial: (212) 225-2508
E-Mail: cboccuzzi@cgsh.com

MARK A WALKER
LESLIE B SAMUELS
EDWARD F GREENE
ALLAN G SPERLING
EVAN A DAVIS
LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
A RICHARD SUSKO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
ANDREA G PODOLSKY
JAMES A DUNCAN
STEVEN M LOEB
DANIEL S STERNBERG
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
WANDA J OLSON
MITCHELL A LOWENTHAL
DEBORAH M BUELL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER

DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
ARTHUR H KOHN
RAYMOND B CHECK
RICHARD J COOPER
JEFFREY S LEWIS
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
PAUL E GLOTZER
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
DANA G FLEISCHMAN
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS

LISA M SCHWEITZER
KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
CHRISTOPHER P MOORE
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
    RESIDENT PARTNERS

SANDRA M ROCKS
ELLEN M CREEDE
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
GABRIEL J MESA
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
KATHLEEN M EMBERGER
NANCY I RUSKIN
WALLACE L LARSON JR
JAMES D SMALL
AVRAM E LUFT
ELIZABETH LENAS
DANIEL ILAN
    RESIDENT COUNSEL

June 16, 2015

BY ECF

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 1630
New York, NY 10007-1312

    Re: *Marie Laurette Dussault v. Republic of Argentina*,
          No. 06 Civ. 13085 (TPG)

Dear Judge Griesa:

      I write in response to plaintiff's letter, dated June 8, 2015, asking the Court to grant plaintiff a *pari passu* injunction in connection with English law-governed debt instruments, i.e., *not* the New York law-governed debt subject to the 1994 Fiscal Agency Agreement ("1994 FAA") that contains the *pari passu* clause that has been the subject of these proceedings.

      The Republic respectfully requests that the Court continue to hold plaintiff's submission in abeyance, or otherwise set a briefing schedule permitting the Republic 45 days to respond. Such a schedule would be necessary because plaintiff's request is not, as plaintiff contends, simply a "me too" request for relief that the Court has already entered. Rather, it raises new, substantive issues that would need to be litigated, and bar the relief she seeks.

      *First*, plaintiff's request for injunctive relief cannot be granted because she has not even brought a *pari passu* claim in this action, let alone obtained summary judgment on such a claim. *See Melvin v. UA Local 13 Pension Plan*, 236 F.R.D. 139, 144 (W.D.N.Y. 2006) ("a properly plead claim remains a necessary predicate to any recovery"). As the Court has recognized, to properly seek the injunction plaintiff requests, she must first formally bring, and

then obtain summary judgment on, a *pari passu* cause of action. *See* May 29, 2015 Hr'g. Tr. at 7:21-22 ("THE COURT: I think the record should be very clear. A formal motion [for summary judgment on the *pari passu* clause] would be in order."). Unless and until plaintiff does so, any *pari passu* injunctive relief sought by plaintiff is improper on its face.[1]

*Second*, plaintiff's request must be denied because she has offered no evidence supporting the position that the meaning and application of the *pari passu* clause under English law, which governs her bonds, is consistent with this Court's *pari passu* orders applying New York law. In fact, all relevant English law authorities indicate that English courts would *not* read the provision as supporting the *pari passu* injunctions obtained by other plaintiffs in this litigation. *C.f.* Bank of England Financial Markets Law Committee, Issue 79: *Pari Passu* Clauses (2005) (rejecting notion that *pari passu* clause supports ratable payment injunctions); *Kensington Int'l Ltd. v. Republic of Congo*, 2002 No. 1088, [2003] EWHC (Comm) 2331 (Eng.) (Tomlinson, J.) (denying application for *pari passu* injunctive relief).

The Republic accordingly respectfully requests a continued abeyance until plaintiff properly raises a *pari passu* claim and seeks summary judgment, or otherwise a response deadline of at least 45 days after the Court provides notice, but in no event before July 14, 2015, as that is the date on which the Court has ordered the Republic to respond to motions of other plaintiffs to amend their complaints to add *pari passu* claims based on their English law debt. *See* Dkt. No. 27, *Red Pines LLC v. Republic of Argentina*, No. 14 Civ. 09427 (TPG).

Respectfully submitted,

Carmine D. Boccuzzi

cc: Counsel of Record (by ECF)

---

[1] Plaintiff is thus wrong that the Court's June 4, 2015 order granting other plaintiffs *summary judgment* on their 1994 FAA *pari passu* claims supports her request here for *injunctive* relief. As those other plaintiffs recognized, summary judgment is a necessary predicate to any injunction. *See id.* at 4:21-25 ("Counsel for NML: Plaintiffs are not asking today for an injunction. . . . The only thing plaintiffs are asking for is a determination [of] their rights under the *pari passu* clause.")