

HERZFELD &
RUBIN, P.C.
ATTORNEYS AT LAW     125 BROAD STREET, NEW YORK, NY 10004  TEL 212 471-8500  FAX 212 344-3333  WWW.HERZFELD-RUBIN.COM

**Lydia Ferrarese**
Direct Line: (212) 471-8543
lferrarese@herzfeld-rubin.com

June 17, 2015

<u>Via ECF</u>

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Marie Laurette Dussault v. The Republic of Argentina*
              Case No. 06-CV-13085(TPG)

Dear Judge Griesa:

    We write on behalf of Plaintiff/Judgment-Creditor, Marie Laurette Dussault, to respond to the letter from Defendant/Judgment-Debtor, The Republic of Argentina ("Republic") of June 16, 2015.

    On May 25, 2012, Dussault obtained a judgment against the Republic in the amount of €5,908,223.32 (approximately $6,698,496) plus interest in this Action based on the Republic's default on bonds held by Dussault. Approximately one year ago, on June 17, 2014, Dussault filed her motion seeking to enforce her judgment by enjoining the Republic from violating the *pari passu* provision of Plaintiff's bonds. Since that time, the Republic has not filed any formal opposition to Dussault's motion but has, instead, submitted various letters asking that the Court defer consideration of the motion, and raising objections. Dussault's motion is still pending and the Court has not, to date, granted any of the Republic's requests to defer consideration or for extensions of time to respond. Since the Republic failed to timely oppose Dussault's motion, Dussault respectfully requests that the Court grant Dussault's motion in its entirety.

    Furthermore, the Court, respectfully, should reject the Republic's argument based on its claim that that the bonds are governed by English rather than New York law. To the extent that Plaintiff's bonds are governed by English law, the language of the *pari passu* clause is identical to the bonds governed by New York law. The Republic cites to a single English case *Kensington Int'l Ltd. v. Republic of Congo*, 2002 No. 1088 (Comm. Ct. Apr. 2003) to support is argument that English Courts would not read the provision as supporting the *pari passu* injunctions obtained by other Plaintiffs before this Court. However, as already noted in Plaintiff's December

HERZFELD&
RUBIN, P.C.
ATTORNEYS AT LAW    125 BROAD STREET, NEW YORK, NY 10004  TEL 212 471-8500  FAX 212 344-3333  WWW.HERZFELD-RUBIN.COM

Honorable Thomas P. Griesa
June 17, 2015
Page 2

14, 2012 letter to the Court, the Court in *Kensington* decided the case on different grounds, and expressly noted that English law was *unsettled* on how it would interpret the *pari passu* clause. The article in Financial Markets Law Committee also cited by the Republic, likewise indicates that English law is unsettled on the subject, but also makes clear that English courts would likely look to how courts elsewhere, including New York, would interpret such clauses. In short, the Republic offers no basis in law or reason for this Court to presume that an English court would depart from this Court's interpretation of identical *pari passu* language in the bonds.

The Court should also respectfully reject the Republic's entirely novel argument that Dussault cannot obtain injunctive relief requested via her motion, since the Republic never raised this argument before in any of its letters, let alone by timely, formal opposition. In any event, whether based on the *pari passu* clause or otherwise, this Court plainly has authority under Rules 65 and 69 to enjoin the Republic from transferring or dissipating assets, including payment to other creditors, until Dussault's judgment is paid in full. See, *e.g*, *Motorola Credit Corp. v. Uzan*, 978 F. Supp. 2d 205, 207 (S.D.N.Y. 2013). Lastly, we note that the Republic has apparently abandoned its previous arguments based on the doctrines of *res judicata* and merger.

For these reasons, Dussault respectfully requests that the Court grant her motion in its entirety, together with such other and further relief as the Court deems just and proper.

Respectfully,

Lydia Ferrarese

cc:   Carmine D. Boccuzzi, Jr., Esq. (counsel for The Republic of Argentina)
      Rocco Lamura, Esq. (co-counsel for Plaintiff)