UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

MARIE LAURETTE DUSSAULT

          Plaintiff,

    – against –

THE REPUBLIC OF ARGENTINA,

          Defendant.

------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/15

06-CV-13085 (TPG)

**ORDER**

    Plaintiff, a holder of defaulted bonds issued by the Republic of Argentina, sued for payment of principal and interest thereon. The court issued a judgment in plaintiff's favor of €5,908,223.32. *See* Judgment of May 25, 2012 (Dkt. # 53). Plaintiff has been unable to collect on this judgment.

    Plaintiff now moves for equitable relief akin to that awarded to bondholders in other actions against the Republic. *See, e.g.*, Amended February 23, 2012 Order (Nov. 21, 2012), *NML Capital, Ltd. v. The Republic of Argentina*, No. 08-CV-6978 (Dkt. #423). These other bondholders were entitled to equitable relief based on specific language (the *pari passu* clause) contained in their underlying bond agreement, the 1994 Fiscal Agency Agreement (the "1994 FAA"). The 1994 FAA is governed by New York Law.

    It appears that some portion of plaintiff's bonds were issued pursuant to a different governing document, a Trust Deed dated July 27,

1993 (the "1993 Trust Deed"). *See* Pl's. Mem. L. Supp. Mot. Equitable Relief at 6 n.3 (Dkt. # 58); *see also* Letter From Carmine Boccuzzi to the Court (June 16, 2015) (Dkt. # 91).

Like the 1994 FAA, the 1993 Trust Deed contains *pari passu* language. *See* Trust Deed at 30 (Dkt.# 7-2). However, the 1993 Trust Deed is governed by English law, not New York law. *See* Trust Deed ¶ 17.1 (Dkt.# 7-2). Thus the court may well have to determine whether English law applies, and if so, whether it would afford plaintiff the type of relief sought.

The briefing provided by plaintiff is not adequate to assist the court in making this determination. First, plaintiff has failed to specify which portion of her bonds was issued pursuant to the 1993 Trust Deed, and which portion was issued pursuant to the 1994 FAA. *See* Pl's. Mem. L. Supp. Mot. Equitable Relief at 6 n.3 (Dkt. # 58) ("Plaintiff *believes* that her debt securities are regulated by the FAA . . . . To the extent, however, that Plaintiff's securities are regulated by the English Law Trust Deed . . . the same language has been adopted in said document . . . .") (emphasis added). Second, plaintiff has failed to adequately explain whether English law applies and whether it affords the type of relief sought.

Similar issues have been raised in motions in two other actions before this court, involving securities purportedly governed by English law and German law. *See Red Pines LLC et al. v. Republic of Argentina*,

No. 14-CV-9427 (Dkt. 34); *Trinity Investments Ltd. v. Republic of Argentina*, No. 14-CV-9095.

Given the incompleteness of the briefing on these issues, the court is not prepared, at this time, to award plaintiff the type of relief sought, and her motion is hereby denied without prejudice to renewal. Should plaintiff renew her motion for equitable relief, the court instructs her to describe: (1) with specificity which of her bonds were issued pursuant to which documents; and (2) whether English law applies, and if so, whether it affords the type of relief sought. The court further instructs that if plaintiff refiles her motion, briefing on her renewed motion shall track the briefing schedule in the *Red Pines* and *Trinity Investments* cases.

This order resolves the item listed as document number 56 in this case.

SO ORDERED.

Dated: New York, New York
August 3, 2015

Thomas P. Griesa
U.S. District Judge