MANDATE

14-4235
*Dussault v. Republic of Argentina*

N.Y.S.D. Case # 06-cv-13085(TPG)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

Present:	ROBERT A. KATZMANN,
		*Chief Judge*,
	GERARD E. LYNCH,
		*Circuit Judge*,
	JANET BOND ARTERTON,
		*District Judge*.[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/2015

_____

MARIA LAURETTA DUSSAULT, Individually and on behalf of all others similarly situated,

    *Plaintiff-Appellant*,

    - v -    No. 14-4235-cv

REPUBLIC OF ARGENTINA,

    *Defendant-Appellee*,

BANK OF NEW YORK MELLON, as Indenture Trustee,

    *Intervenor*.[†]

For Plaintiff-Appellant:	MIRIAM SKOLNIK (David B. Hamm, *on the brief*), Herzfeld & Rubin, P.C., New York, NY.

---

[*] The Honorable Janet Bond Arterton, of the United States District Court for the District of Connecticut, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 10/28/2015

| | |
|---|---|
| For Defendant-Appellee: | CARMINE D. BOCCUZZI (Jonathan I. Blackman, Michael M. Brennan, Kristin A. Bresnahan, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY. |
| For Intervenor: | ERIC A. SCHAFFER (James C. Martin, *on the brief*), Reed Smith, LLP, New York, NY. |
| For Amici Curiae Euro Bondholders: | Christopher J. Clark, Michael E. Bern, Lilia B. Vazova, Latham & Watkins, LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is hereby **AFFIRMED**. The plaintiff-appellant appeals from the district court's October 27, 2014, order denying her motion for a turnover order pursuant to New York's Civil Practice Law and Rules § 5225(b). The appellant, who is a judgment creditor of the defendant-appellee Republic of Argentina ("the Republic"), seeks to compel the intervenor Bank of New York Mellon ("BNY") to turn over funds in satisfaction of the judgment debt owed by the Republic. The district court denied the motion because, even assuming § 5225(b) applied to the assets in question, such turnover would be barred by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

Section 5225(b) creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody of a third party. *See N. Mariana Islands v. Canadian Imperial Bank of Commerce*, 717 F.3d 266, 267 (2d Cir. 2013). To invoke § 5225(b), a judgment creditor must show, *inter alia*, "either that the judgment debtor is 'entitled to the possession of such property,' or . . . that 'the judgment creditor's rights to the property are

2

superior' to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quoting § 5225(b)).

The appellant cannot satisfy either of these alternatives. First, the judgment debtor—i.e., the Republic—is not "entitled to the possession" of the assets held by BNY. For this prong to be met, the Republic must be able to retrieve the disputed assets back from BNY. *See Swezey v. Lynch*, 926 N.Y.S.2d 415, 419 (App. Div. 2011), quoting Siegel, N.Y. Prac. § 488, at 826 [4th ed.] ("The judgment creditor stands in the shoes of the judgment debtor, and if a given property, asset, interest, or deposit is unavailable to the debtor, it is unavailable to the creditor."). Here, however, when the district court froze the assets at BNY to enforce a prior injunction, the district court ordered BNY to "retain the Funds in its accounts . . . pending further Order of this Court" and to "not make or allow any transfer of the Funds unless ordered by the Court." J.A. 79. To ensure that nothing would happen to the funds held by BNY, the district court expressly prohibited the Republic from "tak[ing] . . . steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order." *Id.* Under these injunctions, the Republic is barred from getting the funds back from BNY, and the Republic is therefore not "entitled to the possession" of the funds within the meaning of § 5225(b).

Second, the appellant's rights to the property are not "superior" to the rights of BNY. The appellant argues that she has a superior claim because she is owed more money, and has been denied payment for longer, than the exchange bondholders for whose benefit BNY has the money. But the appellant cites no New York authority permitting courts to determine "superior" rights to property based on subjective equitable assessments of the relative fairness of paying one class of creditor or another. Rather, "superior" rights in property have been assessed by the New York courts based on legal interests in the property, as for example where the "fraudulent

3

conveyance provisions of the [New York] Debtor and Creditor Law" apply. *Gelbard v. Esses*, 465 N.Y.S.2d 264, 268 (App. Div. 1983). Here, however, the Republic's transfer of funds to BNY was not a fraudulent conveyance, because the Republic was attempting to pay other creditors for whom BNY acts as trustee. At most, then, the Republic's transfer was a preference among creditors. But under New York law, preferring one creditor over another is neither actually nor constructively fraudulent. *See In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 634 (2d Cir. 1995). Nor does the appellant claim any other legal interest in the funds transferred to BNY, such as a security interest, let alone an interest superior to that of BNY; she relies solely on her status as an unsecured general creditor of the Republic. The appellant's rights to the disputed property are therefore not superior to those of BNY.

In sum, because (1) the Republic is not entitled to possession of the property back from BNY, and (2) the appellant's rights to the property are not superior to the rights of BNY, the statutory prerequisites of § 5225(b) are not met. We accordingly affirm the district court's decision to deny the motion under § 5225(b), albeit on alternative grounds. Because § 5225(b) does not authorize turnover of the assets, we do not reach the question of whether such turnover would be barred by the Foreign Sovereign Immunities Act.

We have considered the appellant's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED**..

FOR THE COURT:<br>CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4